IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| James Michael Baxley, a/k/a Ridriquez Ashford, | ) ) | Case No. 8:13-cv-2198-JFA-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Warden Michael McCall, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on Respondent's motion for summary judgment, [Doc. 28], Petitioner's two motions for summary judgment [Docs. 37, 42], and Petitioner's motion to stay [Doc. 52]. Petitioner, proceeding pro se, is a state prisoner who seeks relief under 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on August 8, 2013.[1] [Doc. 1.] On November 7, 2013, Respondent filed a motion for summary judgment and a return and memorandum. [Docs. 28, 29.] On November 7, 2013, the Court filed an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Petitioner of the summary judgment procedure and of the possible consequences if he failed to adequately respond to the motion. [Doc. 30.] On November 15, 2013, the Court granted Respondent's motion to expand the record and include a previously unavailable transcript from the state PCR

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). In this case, construing the filing date in the light most favorable to Petitioner, this action was filed on August 8, 2013. [Doc. 1-2 (envelope stamped on August 8, 2013).]

proceeding. [Doc. 33.] On November 21, 2013, and November 22, 2013, Petitioner filed two motions for summary judgment. [Docs. 37, 38.] Respondent filed a response in opposition on December 9, 2013. [Doc. 47.] Thereafter, Petitioner filed a motion to stay the case [Doc. 52].

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment be granted, Petitioner's motions for summary judgment be denied and the Petition be denied. Additionally, the Court recommends that the motion to stay be denied.

## BACKGROUND

Petitioner is presently confined in the South Carolina Department of Corrections at Perry Correctional Institution.[2] [Doc. 51.] In August 2005, Petitioner was indicted for armed robbery and distribution of crack cocaine. [Docs. 29-1, 29-2.] In September 2005, Petitioner was indicted for involuntary manslaughter. [Doc. 29-3.] On April 6, 2006, represented by April Sampson, Petitioner pled guilty to all charges. [Doc. 29-4.] Judge James R. Barber, III, sentenced Petitioner to eighteen years for the armed robbery count, five years for the crack cocaine sentence and five years for the involuntary manslaughter

---

[2] On July 23, 2012, Petitioner filed a notice of change of address updating his address to Perry Correctional Institution from McCormick Correctional Institution. [Doc. 51.] A prisoner's immediate custodian—the warden of the facility where the prisoner is being held—is the proper respondent in a habeas corpus action because the immediate custodian has the power to produce the prisoner's body before the habeas court. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004). If a prisoner properly files a habeas petition naming the prison warden as the respondent and is relocated to another prison before the court decides whether or not to grant the petition, the court "retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Id*. at 441 (discussing *Ex parte Endo*, 323 U.S. 283 (1944)). Thus, this Court retains jurisdiction over the Petition following Petitioner's transfer to Perry Correctional Institution.

charge. [*Id*. at 28.]  The armed robbery and crack cocaine sentences run concurrently, while the involuntary manslaughter sentence is consecutive. [*Id*.]

**Direct Appeal**

Petitioner did not file a direct appeal of his conviction or sentences. [Doc. 29 at 2.]

**PCR Proceedings**

Petitioner, proceeding pro se, filed an application for post-conviction relief ("PCR") on March 10, 2010.   [Doc. 29-6.]   Petitioner alleged he was being held in custody unlawfully based on the following grounds, quoted substantially verbatim:

> 10a.) Counsel defense attorney did not do necessary factual investigation;
>
> 10b.) Failed to consult with defendant properly concerning case;
>
> 10c.) Represented two defendant[s] on different cases.[3]

[Doc. 29-6.]   The State filed its return on February 4, 2011, arguing that the PCR application was time barred and that Petitioner received adequate assistance of counsel. [Doc. 29-8.]

On October 10, 2011, a hearing was held before Judge G. Thomas Cooper, Jr. on Petitioner's PCR application, at which Petitioner was represented by Mark Schnee.  [Doc. 32-1.] No witnesses were called to testify and the state moved to dismiss the application as untimely. [Doc. 32-1.]  On December 7, 2011, the PCR court issued an order denying and dismissing Petitioner's application with prejudice because it was not timely pursuant

---

[3] Petitioner filed a supplement to his Application on June 13, 2011, laying out the same grounds in more detail but also alleging that he had newly discovered evidence in the form of a witness statement [Doc. 29-7], which the PCR court considered in its order [Doc. 29-9].

3

to S.C. Code § 17-27-45(a).    [Doc. 29-9.] Petitioner filed a pro se motion for reconsideration on November 28, 2011 [Doc. 29-10], and a motion for reconsideration pursuant to South Carolina Rule of Civil Procedure 59 through his counsel on March 7, 2012 [Doc. 29-11].   The PCR court denied the motions [Doc. 29-13] and final judgment was entered on July 5, 2012 [Doc. 29-14].  Petitioner did not appeal.

**Petition for Writ of Habeas Corpus**

Petitioner filed this Petition for writ of habeas corpus on August 8, 2013, pursuant to 28 U.S.C. § 2254.  [Doc. 1.]  Petitioner raises the following grounds for relief, quoted verbatim:

Ground One

Ineffective assistance of post-conviction relief counsel

*Supporting facts*:    Counsel never addressed the issue about me being incarcerated under another name, which makes it difficult for me to contact the court.  Counsel never spoke to me before, during or after the proceeding, which he never responded to the correspondences. Counsel never properly argued in my favor, when court denied me a[n] avidentiary hearing. Counsel never sent me a copy of the Judge's order of dismissal.  Counsel fail[ed] to send me a copy of my motion to reconsideration.  Counsel never petitioned my case, with the South Carolina Supreme Court in which I was denied a fair bite of the apple.

Ground Two

Ineffective assistance of trial counsel.

*Supporting facts*:    Trial counsel didn't properly investigate[] my case. Counsel only spoke to me once a day before trial hearing.  Counsel acted as a[n] advocate for a state witness in my case.

Ground Three

4

Newly discover[ed] evidence

*Supporting facts*:    Witness rekindle statement.

On November 25, 2013, the Court allowed Petitioner to supplement Ground One of his original petition to include the following allegations: (1) failure of PCR counsel to appeal PCR ruling; (2) failure of PCR counsel to seek a belated appeal; (3) failure of PCR counsel to adequately prepare for the hearing; and (4) failure of PCR counsel to know "posture of the State's motion and/or the basis of his application." [Docs. 41, 43.]

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action *pro se*, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355,

365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

### *Generally*

Because Petitioner filed the Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,* 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

7

> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law,
> as determined by the Supreme Court of the United States;  or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in
> the State court proceeding.

28 U.S.C. § 2254(d).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Williams v. Taylor*, 529 U.S. 362, 410 (2000).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011).  Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions.  28 U.S.C. § 2254.  This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim.  *Id.*  The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts.  A habeas corpus petition filed in this Court before the petitioner has

8

appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

*Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)  (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)  (I) there is an absence of available State corrective process; or
>>
>>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.  The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies.  *Id.* § 2254(b)(1)(A).  "To satisfy the

exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment. S.C. R. Civ. P. 59(e). Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[4] Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts. For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment. S.C. App. Ct. R. 203(b)(2), (d)(1)(B). A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

---

[4]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar. 589 F.3d at 162–65. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977). Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the Supreme Court actually reached the merits of the claim.

*Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is

11

barred from proceeding in state court.  S.C. App. Ct. R. 203(d)(3), 243.  If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.  *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995).  As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim.  *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)).  When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim.  *Murray v. Carrier*, 477 U.S. 478, 496 (1986).  Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim.  *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court.  *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991).  Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim.  *Wainwright*, 433 U.S. at 87.

In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

*Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

### *Statute of Limitations*

Under the AEDPA, petitioners have one year to file a petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)–(D).  However, the statute tolls the limitations period during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  *Id.* § 2244(d)(2).

An application for post-conviction or other collateral review is not properly filed if the application is untimely under state law.  *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a post conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." (alteration in original)).  In *Pace*, the United States Supreme Court held that time limits on filing applications for post-conviction or collateral review are filing conditions, no matter the form of the time limit.  *Id.* at 417.  Therefore, if an application

for post-conviction or collateral review is barred by a state statute of limitations, statutory tolling under § 2244(d)(2) does not apply because the application was not properly filed.

The Supreme Court recently recognized that the limitations period may be equitably tolled if the petitioner shows "(1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition." *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2562 (2010) (quoting *Pace*, 544 U.S. at 418). Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case" such that the limitations period is not strictly applied. *Id.* at 2563.

## DISCUSSION

Respondent argues the Petition is time barred and that Petitioner has failed to establish he is entitled to equitable tolling. [Doc. 29 at 10–15.] Upon review, the Court agrees.

**Expiration of Limitations Period**

Petitioner pled guilty to all charges on April 6, 2006. [Doc. 29-4.] His conviction became final on April 17, 2006, Consequently, Petitioner had one year from April 17, 2006—when time expired for Petitioner to seek further direct review[5]—to file a federal habeas petition. 28 U.S.C. § 2244(d)(1); *Gonzalez v. Thaler*, --- U.S. ---, ---, 132 S. Ct. 641, 653–54 (2012) (holding that a judgment becomes final for purposes of § 2244(d)(1) "when the time for pursuing direct review in [the United States Supreme] Court, or in state court, expires"); *Holland*, 130 S. Ct. at 2558.

---

[5]Pursuant to Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure, when calculating time, the last day of the period must be included, "but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Because the ten-day period in which Petitioner could file an appeal expired on Sunday, April 16, 2006, Petitioner's deadline became Monday, April 17, 2006.

Petitioner filed his application for state post-conviction review on March 10, 2010 [Doc. 29-6]; therefore, the statute of limitations had already run when Petitioner filed his PCR application.[6]  The one-year period in which to file a federal habeas petition is tolled during the pendency of a properly filed PCR application, 28 U.S.C. § 2244(d)(2).  However, here, the PCR court issued an order denying and dismissing Petitioner's application with prejudice because it was not timely pursuant to S.C. Code § 17-27-45(a).  [Doc. 29-9.]  The Supreme Court has considered the issue of whether a state postconviction petition, which is rejected by the state court as untimely, should be construed as "properly filed" such that it tolls the statute of limitations pursuant to the AEDPA.  *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).  The Court held that "when a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)."  *Id.* at 414 (internal quotations omitted).  The Court found that time limits are filing conditions and therefore must be properly followed in order to toll the federal statute.  *Id.* at 417.  In *Pace*, like in the instant case, "[b]ecause the state court rejected petitioner's [PCR] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."  *Id.*

Moreover, even if the Court construed Petitioner's "new evidence" as re-starting the statute of limitations calculation, Petitioner's habeas filing is still untimely. Petitioner asserts that an affidavit from Eric Washington proves that Mr. Washington did not witness the crime of armed robbery as the State alleged in Petitioner's criminal case. [Doc. 29-16 at 2.] However, Petitioner's own letter attached to the statement demonstrates that Petitioner

---

[6] The Court notes that Petitioner's allegation that his PCR counsel failed to file a "belated appeal" in state court does not affect the statute of limitations analysis.  First, a motion for a belated appeal of a state PCR action does not retroactively toll the statute back to the filing of the original PCR.  *Walker v. Cartledge*, Case No. 6:12-cv-1450-MGL-KFM, 2013 WL 4522589, at *6 (D.S.C. April 19, 2013).  Even if it did, Petitioner's original PCR was filed after the expiration of the statute of limitations.

had the statement in his possession on July 11, 2011, if not before.  As noted, Petitioner's habeas petition was not filed until August 2013, almost two years later and past the one year statute of limitations.  The same is true of the affidavits from Curtis Harris and Clifton Charles, which were executed on May 18, 2012, and September 30, 2011, respectively. [Docs. 25-1, 25-2.] As Petitioner's habeas case was filed with this Court in August 2013, this evidence, even if "newly discovered," was not brought to the Court until more than a year after its discovery, thus violating the statute of limitations.  Moreover, it appears from the statements that the information contained therein is not newly discovered, but could have been and was known during trial. [*See id.*]

**Equitable Tolling**

Petitioner contends he is entitled to equitable tolling because his PCR counsel was deficient, as PCR counsel did not consult with Petitioner and was not prepared for the PCR hearing.  [Doc. 53 at 1–2.]  For the reasons explained below, Petitioner is not entitled to equitable tolling.

As the United States Supreme Court has recognized:

> Under our system of representative litigation, "each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Link v. Wabash R. Co.*, 370 U.S. 626, 634, 82 S. Ct. 1386, 1390, 8 L. Ed.2d 734 (1962) (quoting *Smith v. Ayer*, 101 U.S. 320, 326, 25 L. Ed. 955 (1880)). . . . Federal courts have typically extended equitable relief only sparingly.  We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence

17

> in preserving his legal rights. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S. Ct. 1723, 1725, 80 L. Ed.2d 196 (1984).

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92, 96 (1990) (footnotes omitted). The Fourth Circuit has underscored the very limited circumstances in cases subject to the AEDPA where equitable tolling will be permitted, holding a habeas petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Thus, rarely will circumstances warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).[7] The Supreme Court has suggested that equitable tolling is justified to relieve the operation of a limitations bar due

---

[7] Other courts of appeals have similarly expressed that equitable tolling of the AEDPA statute of limitations is to be employed sparingly. *See, e.g., Merritt v. Blaine*, 326 F.3d 157, 169 (3d Cir. 2003) (applying the general rule that "'attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the "extraordinary" circumstances required for equitable tolling'" (citation omitted)); *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) ("Ineffective assistance of counsel generally does not warrant equitable tolling."); *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002) ( "[C]ounsel's erroneous interpretation of the statute of limitations provision cannot, by itself, excuse the failure to file [the petitioner's] habeas petition in the district court within the one-year limitations period."); *Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir. 1999) (refusing to apply equitable tolling where late filing was caused by attorney's use of ordinary mail to send petition from Atlanta to Miami less than a week before it was due); *see also Rouse*, 339 F.3d at 246 ("Principles of equitable tolling do not extend to garden variety claims of excusable neglect." (citation omitted)).

to egregious unprofessional attorney misconduct, such as abandoning the client; a last minute change in representation beyond the client's control; failing to conduct essential services of representation like communicating with the client and performing basic legal research; and denying the client access to files and misleading the client. *Holland*, 130 S. Ct. at 2564 (citations omitted). Further, as previously stated, the Supreme Court has held that, in addition to demonstrating extraordinary circumstances prevented the petitioner from timely filing, the petitioner must demonstrate he has been diligently pursuing his rights. *Id.* at 2562.

Here, Petitioner has failed to make any cognizable argument that would entitle him to equitable tolling. Liberally construing his Complaint, Petitioner focuses on procedural default and attempts to state a claim under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), for ineffective assistance of PCR counsel. However, procedural default is not the issue before the Court – Petitioner must first demonstrate that his Petition was timely before the Court may even consider whether a procedural default occurred. In addition to the ineffectiveness of PCR counsel, Petitioner argues that his Petition should not be considered time barred because of the "unique circumstance" that his legal name and the alias under which he is classified by the SCDC are different, and therefore he has not always received his mail in a timely fashion. [Doc. 53 at 2.] Petitioner also alleges that he attempted to exercise due diligence after his PCR application was dismissed in October 2011 by filing a pro se motion for reconsideration. [*Id.* at 3.] In a contradictory statement, however, he alleges that he was unaware that his PCR proceeding was dismissed. [*Id.*] Further, Petitioner claims that he was unaware that his Rule 59(e) motion was denied in

19

December 2011. [*Id*.] Petitioner argues that he would have appealed the December 12, 2011, order dismissing his PCR case had he known about the order of dismissal. [*Id*. at 4.] Finally, Petitioner alleges that his trial counsel had a conflict of interest, but fails to address how that entitles him to equitable tolling. [*Id*.]

First, *Martinez* is inapplicable here because it has no bearing on the statute of limitations analysis, but can merely excuse a procedural default in an otherwise viable federal habeas claim. Second, while Petitioner makes multiple allegations about the ineffectiveness of his PCR counsel, and why he did not appeal the dismissal of his PCR application, Petitioner provides no explanation as to why he failed to file his PCR application (or federal habeas petition) for almost four years after his conviction was final. In short, Petitioner has put forth no argument or allegation that would demonstrate that he has pursued his rights diligently and that some extraordinary circumstance stood in his way to prevent the timely filing of his habeas petition. Without more, the Court cannot conclude Petitioner has presented extraordinary circumstances justifying the application of equitable tolling.[8] Therefore, the Court determines the Petition should be dismissed as time barred.

---

[8]The Court notes Petitioner's allegations fall far short of those presented by the petitioner in *Holland*. In that case, the Supreme Court summarized the allegations presented by Holland, the petitioner, concerning the failures of his attorney, Collins, as follows:

> Collins[, who was appointed to represent Holland in all state and federal post-conviction proceedings,] failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. Collins apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. Collins failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And Collins failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters.

*Holland*, 130 S. Ct. at 2564; *see id.* at 2555–59 (detailing Holland's state and federal collateral proceedings and his communication, or attempts to communicate, with Collins). Here, in contrast, it was up to Petitioner

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED and the Petition be DENIED.  Petitioner's motions for summary judgment should be DENIED.  Petitioner's motion to stay should also be DENIED.[9]

IT IS SO RECOMMENDED.


s/Jacquelyn D. Austin
United States Magistrate Judge

March 31, 2014
Greenville, South Carolina

---

to timely file his federal habeas petition and Petitioner has provided no explanation as to his four year delay in filing his PCR application and federal petition.  In short, Petitioner's allegations fail to demonstrate the sort of circumstances and diligence the Supreme Court suggested might warrant equitable tolling of the limitations period.  *See id.* at 2565

[9] *Rhines v. Weber*, 544 U.S. 269 (2005), held that in certain instances where a mixed petition--i.e., one that involves both exhausted and unexhausted claims--is filed, the court would be within its discretion to stay the federal case pending resolution of the underlying state action.  *Id.* at 272--73, 276.  Prior to *Rhines* and the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which included a one year statute of limitations for the filing of federal habeas petitions under § 2254, federal habeas petitions had to include only exhausted state claims.  *Id.* at 273--74.  However, because of the one-year statute of limitations under the AEDPA, dismissing federal habeas petitions due to unexhausted state claims without prejudice led to certain instances where the petitioner was barred by the statute of limitations from re-filing his federal petition.  *Id.* at 275.  Post-*Rhines*, a district court may stay a habeas proceeding "when the district court determines there was good cause for the petitioner's failure to exhaust, his unexhausted claims are potentially meritorious and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  *Id.* at 278.  Here, because of the time bar and the extensive delay before Petitioner filed his PCR application and federal habeas petition, the Court does not find good cause for the delay or that Petitioner's allegedly unexhausted claims are meritorious.  Therefore, a stay is not appropriate in this instance.  The Court determines that Petitioner's reply is not necessary, as his belated appeal at the state level would have no effect on the time calculation, as discussed above.