UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Michael Baxley, a/k/a Ridriquez Ashford,<br><br>               Petitioner,<br><br>v.<br><br>Warden Michael McCall,<br><br>               Respondent. | C/A No. 8:13-2198-JFA-JDA<br><br><br><br><br><br>ORDER |

The *pro se* petitioner, James Michael Baxley, is an inmate at the Perry Correctional Institution of the South Carolina Department of Corrections ("SCDC"). He brings this action pursuant to 28 U.S.C. § 2254 challenging his 2006 state court convictions for armed robbery, distribution of crack cocaine, and involuntary manslaughter.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and finds that the respondent's motion for summary judgment should be granted because the petition is untimely.[2] The Report sets forth in detail the relevant facts

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

1

and standards of law on this matter, and the court incorporates such without a recitation.

The petitioner was advised of his right to file objections to the Report and Recommendation, and he filed objections thereto. The court has conducted a *de novo* review of the objections which will be discussed herein.

Petitioner raises grounds of ineffective assistance of post-conviction relief counsel, ineffective assistance of trial counsel, and newly discovery evidence.

Respondent argues that the petition is time-barred and that the petitioner has failed to establish that he is entitled to equitable tolling. The Magistrate Judge has carefully reviewed the record and agrees with the respondent that summary judgment should be granted in respondent's favor.

A brief summary of the procedural history shows that the petitioner pled guilty to all charges on April 6, 2006 and his conviction became final on April 17, 2006. He did not file a direct appeal. Therefore, he had one year (until April 17, 2007) to file a federal habeas petition. Petitioner's first application for post-conviction relief (PCR) was filed on March 10, 2010 which was almost three years after the federal statute of limitations had run. The PCR was dismissed with prejudice as untimely under S.C. Code § 17-27-45(a). As the Magistrate Judge notes in the Report, because the South Carolina court rejected the PCR application as untimely, it was not properly filed and petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). The Magistrate Judge also notes that even if the court construed petitioner's "new evidence" as

re-starting the statute of limitations calculation, petitioner's habeas filing is still untimely as the affidavits of "new evidence" were in petitioner's possession in July 2011, almost two years before the present habeas petition was filed. Thus, the Magistrate Judge concludes that such affidavits were not newly discovered evidence to potentially toll the statute of limitations.

Petitioner also argues, under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), that his procedural default was due to ineffective assistance of counsel. However, as the Magistrate Judge properly notes, procedural default is not the issue before the court because petitioner must first demonstrate that his petition was *timely* before the court may even consider that a procedural default occurred.

The petitioner next contends that his petition should not be time barred because of the unique circumstances surrounding his legal and birth name, and that as a result of his different names within the SCDC he has not always timely received his mail. For this reason, petitioner asserts that he was unaware that his PCR was dismissed and he would have appealed otherwise.

As the petitioner has failed to put forth any argument that he has pursued his rights diligently and that some extraordinary circumstance stood in his way to prevent the timely filing of his habeas petition, the Magistrate Judge correctly concludes that petitioner is not entitled to equitable tolling. This court agrees.

In his objections to the Report and Recommendation, the petitioner again raises his claim that his "alias" stood in the way of his filing a timely petition. The court is unpersuaded by this argument and such objection is overruled.

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Thus, the Report is adopted and incorporated herein by reference. Accordingly, the § 2254 petition is denied and the respondent's motion for summary judgment (ECF No. 28) is granted. Petitioner's motions for summary judgment (ECF Nos. 37, 42) are denied. Petitioner's motion to stay (ECF No. 52) is denied.

IT IS FURTHER ORDERED that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3]

IT IS SO ORDERED.

July 23, 2014                                             Joseph F. Anderson, Jr.
Columbia, South Carolina                        United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).